IN THE UNITED STATES DISTRICT COURT FOR THE
NORTHERN DISTRICT OF FLORIDA
PANAMA CITY DIVISION

EDWARD GILL SIKES

    Petitioner,
v.                                     Case No. 5:23-cv-70/TKW/MAL

WARDEN PISTRO

    Respondent
_____/

## REPORT AND RECOMMENDATION

Petitioner initiated this case by filing a petition for writ of habeas corpus on March 16, 2023. ECF No. 2. On March 20, 2023, I entered an order directing Petitioner to file an amended petition on the proper court form along with two service copies thereof and to either pay the $5.00 filing fee or file a motion to proceed in forma pauperis. ECF No. 4. Petitioner was instructed to comply on or before April 20, 2023, and he was warned that failure to timely comply with an order of the Court would result in a recommendation of dismissal of this case. The deadline elapsed without response from Petitioner.

On April 27, 2023, I issued an order directing Petitioner to show cause why this case should not be dismissed for his failure to comply with a court order. ECF No. 5. The order provided that the show cause order would be discharged if Petitioner complied with the March 20, 2023 order in its entirety within the time

provided. Petitioner was again warned that failure to comply would result in a recommendation of dismissal of this case. Notwithstanding this admonition, Petitioner still has not responded. In fact, he has filed nothing since filing the initial petition in this case.[1]

A trial court has inherent power to dismiss a case sua sponte for failure to prosecute. *Link v. Wabash R.R.*, 370 U.S. 626 (1962). Federal Rule of Civil Procedure 41(b) authorizes a district court to dismiss an action for failure to obey a court order, typically upon motion of the defendant. *See Moon v. Newsome*, 863 F.2d 835, 838 (11th Cir. 1989) (citing cases). Rule 41.1 of the Local Rules of the Northern District of Florida also authorizes the court to impose sanctions, up to and including dismissal, for failure to comply with a rule or court order. Thus, because Petitioner has failed to comply with Court orders necessary for the continuation of this case, the petition should be dismissed without prejudice.

Accordingly, it is respectfully RECOMMENDED:

1. Petitioner's petition under 28 U.S.C. § 2241 (ECF No. 2) be **DISMISSED** without prejudice.

2. The clerk be directed to close the case file.

---

[1] Petitioner previously filed a habeas petition under 28 U.S.C. § 2241 which he voluntarily dismissed before the matter of the filing fee was resolved. *See* Case 5:23cv12/TKW/MAL.

At Gainesville, Florida on May 19, 2023.

                                                  s/ *Midori A. Lowry*
                                                  Midori A. Lowry
                                                  United States Magistrate Judge

## NOTICE TO THE PARTIES

Objections to these proposed findings and recommendations must be filed within fourteen (14) days of the date of the report and recommendation. <u>Any different deadline that may appear on the electronic docket is for the court's internal use only and does not control.</u> An objecting party must serve a copy of its objections upon all other parties. A party who fails to object to the magistrate judge's findings or recommendations contained in a report and recommendation waives the right to challenge on appeal the district court's order based on unobjected-to factual and legal conclusions. *See* 11th Cir. Rule 3-1; 28 U.S.C. § 636.